**United States District Court**
**Northern District of Illinois**

|  |  |
|---|---|
| Robert D. Huston, <br> Plaintiff <br><br> v. <br><br> Annie Slanina, <br> in her individual and official capacities <br><br> and <br><br> Evanston Police Department, <br> an agency of the City of Evanston <br><br> and <br><br> Evanston Hospital, <br> the Body Politic <br><br> and <br><br> Corey Michael Nohl, <br> William R. Krug, <br> Morris S. Kharasch, and <br> John Bozeday, <br> in their individual and official capacities <br> Defendants. | No. 1:12-cv-04582 <br> Judge Virginia M. Kendall <br><br> **FILED** <br><br> JUL 2 6 2012 <br><br> THOMAS G. BRUTON <br> CLERK, U.S. DISTRICT COURT |

**AMENDED COMPLAINT**

1. NOW COMES the Plaintiff, ROBERT D. HUSTON [hereinafter, HUSTON],

complaining of the Defendants, ANNIE SLANINA [hereinafter, SLANINA], the EVANSTON

POLICE DEPARTMENT, EVANSTON HOSPITAL, COREY MICHAEL NOHL [hereinafter,

NOHL], WILLIAM R. KRUG [hereinafter, KRUG], MORRIS S. KHARASCH [hereinafter,

KHARASCH], and JOHN BOZEDAY [hereinafter, BOZEDAY] for the deprivation of rights

secured to Plaintiff HUSTON by the United States Constitution and the laws of the United States

of America.

1

2. Attached to this complaint is Plaintiff's Exhibit 1, which consists of an affidavit, which verifies the authenticity of relevant documents from the medical record of Plaintiff HUSTON from Defendant EVANSTON HOSPITAL that are included in further exhibits. Plaintiff's Exhibit 2 is a petition for involuntary psychiatric hospital admission that was written by Defendant SLANINA. In this petition for involuntary admission, just contrived conclusions are written. The conclusions of "delusional statements" and "paranoia" are conclusions that require facts to be elicited from a qualified examiner first, and then such conclusions can be deduced, if they are truly applicable. However, Defendant SLANINA is not a qualified examiner, and besides, Defendant SLANINA never even interviewed Plaintiff HUSTON to determine if there were any facts to substantiate these conclusions. The conclusions written by Defendant SLANINA only add up to defamation, and this defamation was used by Defendant EVANSTON HOSPITAL to wrongfully deprive Plaintiff HUSTON of liberty, wrongfully because according to the United States Constitution, Amendment Fourteen, Section 1: "...nor shall any State deprive any person of life, liberty, or property, without due process of law..." The false statements of Defendant SLANINA, in causing Plaintiff HUSTON to be deprived of liberty, established Defendant SLANINA to have committed an act of Deprivation of Rights Under Color of Law, in violation of Title 18, Section 242, as false statements, or fraud, can only be antithetical to due process of law. Each, and every, statement written in the petition by Defendant SLANINA is a false, fraudulent misrepresentation.

3. Plaintiff's Exhibit 3 is a medical record note written by Defendant BOZEDAY. For this Defendant BOZEDAY to be a Licensed Clinical Social Worker means that he has demonstrated

2

the competency to know what constitutes the valid scientific means to determine if an individual

is "delusional" or "paranoid." Plaintiff's Exhibit 4 is the medical record note written by

Defendant KHARASCH, the attending physician, who is also educated to rapidly ascertain how

and why Defendant SLANINA'S petition is a falsified misrepresentation. Plaintiff's Exhibit 5

is a medical record note written by Defendant NOHL, who does not write a single word of

condemnation for Defendant SLANINA'S fraudulent petition. As they acted in concert,

Defendant SLANINA, Defendant BOZEDAY, Defendant KHARASCH, and Defendant NOHL

are liable for Conspiracy to Commit Health Care Fraud, in violation of Title 18, Section 1349.

Defendant SLANINA, Defendant BOZEDAY, Defendant KHARASCH, and Defendant NOHL

are all responsible for depriving Plaintiff HUSTON of his liberty, under color of law, as fraud is

never an element of due process of law. Accordingly, this Conspiracy to Commit Health Care

Fraud is accompanied by a violation of Title 18, Section 242, which was intentionally

committed by Defendant SLANINA, Defendant BOZEDAY, Defendant KHARASCH, and

Defendant NOHL. Defendant EVANSTON HOSPITAL aided and abetted the misconduct of

Defendant BOZEDAY, Defendant KHARASCH, and Defendant NOHL in that they either knew,

or reasonably should have known about the practices of misconduct of Defendant BOZEDAY,

Defendant KHARASCH, and Defendant NOHL.


4. Plaintiff's Exhibit 6 is a medical record note from Dr. David A. Powell, M.D. The

diagnoses stated by Dr. Powell are radically divergent from the diagnoses written by Defendant

BOZEDAY (Plaintiff's Exhibit 3), Defendant KHARASCH (Plaintiff's Exhibit 4), and

Defendant NOHL (Plaintiff's Exhibit 5). Dr. David A. Powell is a licensed, board-certified

attending psychiatrist who has diagnosed Plaintiff HUSTON with both PTSD (Post Traumatic

3

Stress Disorder) and MDD (Major Depressive Disorder), as accurate diagnoses in psychiatry are the product of obtaining valid facts about a person's history and symptomatology. Dr. David A. Powell does not have contempt for the truth, and only by having contempt for the truth can Defendant BOZEDAY'S and Defendant NOHL'S diagnoses of Schizoaffective Disorder and Bipolar Disorder come into existence. Negligence can be the product of one not knowing what one is supposed to be doing, but the contempt for the truth of Defendant BOZEDAY, Defendant KHARASCH, and Defendant NOHL supports and establishes malicious intent in their actions toward Plaintiff HUSTON.

5. Defendant SLANINA'S falsified petition was used by Defendant EVANTON HOSPITAL against Plaintiff HUSTON, and instead of correcting the wrongdoing, where possible, Defendant EVANSTON HOSPITAL compounded the wrongdoing. Around 4:00 P.M. on June 15, 2007, Plaintiff HUSTON received from Defendant KRUG a notice of restriction of rights, which is attached as Plaintiff's Exhibit 7. Defendant EVANSTON POLICE DEPARTMENT, using an instrument of interstate commerce, had falsely claimed that Plaintiff HUSTON had threatened to kill agents of the EVANSTON POLICE DEPARTMENT, and by committing Wire Fraud in violation of Title 18, Section 1343, had succeeded in unlawfully depriving Plaintiff HUSTON of liberty. The Defendant EVANSTON POLICE DEPARTMENT had used electronic communications to secure the loss of liberty of Plaintiff HUSTON, to deliberately commit a Deprivation of Rights Under Color of Law, in violation of Title 18, Section 242. Plaintiff's Exhibit 8 is a response from Richard Eddington of Defendant EVANSTON POLICE DEPARTMENT to Plaintiff HUSTON'S Freedom of Information Act request, pertaining to the claims, of Defendant EVANSTON POLICE DEPARTMENT,

4

against Plaintiff HUSTON on June 15, 2007. Plaintiff's Exhibit 9 is a petition for an

investigation to the Office of Professional Standards of Defendant EVANSTON POLICE

DEPARTMENT, as the Freedom of Information Act response claimed that there was nothing

recorded about what happened on June 15, 2007. Plaintiff's Exhibit 10 is evidence that

Defendant EVANSTON POLICE DEPARTMENT denied the petition for an investigation by

falsely claiming that this petition for an investigation was a Freedom of Information Act

request. An investigation would not be fruitless, as when Plaintiff's Exhibit 8 is examined, and

the Ostrich Instruction is considered, Richard Eddington, of Defendant EVANSTON POLICE

DEPARTMENT, could not justifiably deny his liability.


6. Page 35 of Plaintiff's Exhibit 11 establishes that the involved agents of EVANSTON

HOSPITAL were fully aware that Plaintiff HUSTON had two potentially life-threatening

diseases: asthma and COPD. Asthma and COPD are diseases of inflammation of airways in the

lungs. Air enters through the mouth and nose and enters a tube in the thorax called the trachea,

and one branch of the trachea enters the right lung as the right main bronchus and another main

branch of the trachea enters the left lung as the left main bronchus. These main bronchi further

branch and subdivide into smaller bronchi, which ultimately branch and subdivide into

bronchioles, which are conduits to the alveoli of the lungs, where oxygen enters the human body

and carbon dioxide is released for exhalation from the human body. The bronchi remain patent

because they contain cartilage, which provides for rigidity. However, the bronchioles remain

open as a result of smooth muscle in the walls of the bronchioles. Exacerbations of asthma and

COPD occur when there is abnormal constriction of the bronchial smooth muscle, diminishing

the patency of the bronchioles, and obstructing the flow of air. If inflammatory cells lining the

bronchi hyperactively release mucus as an inflammatory process, then the patency of these rigid structures can be reduced, obstructing the flow of air. From asthma or COPD, exacerbations are called difficulty breathing, dyspnea, or bronchospasm, all of which mean essentially the same thing. Although having dyspnea (difficulty breathing) can be scary, uncomfortable, and frightening to the patient, treatment of dyspnea is indicated, in part, for these reasons. However, the first and most important reason to treat difficulty breathing from asthma or COPD is to prevent dyspnea (difficulty breathing) from becoming apnea (no breathing at all, like the people who are buried in a cemetery). Treatment of asthma and COPD is not for any cosmetic purpose, and is a matter of life and death. The diagnosis of exacerbations of asthma or COPD rests upon measurements of the ratio of $FEV_1$ (Forced Expiratory Volume in one second, or the maximal amount of air that can be breathed out in one second) to FVC (Forced Vital Capacity, or the total amount of air that can be breathed out after a person has breathed in the maximum amount of air they possibly can). A ratio of $FEV_1$/FVC less than 80% establishes dyspnea, and the lower this ratio gets, the more severe the dyspnea is. The $FEV_1$ and the FVC are measured with an instrument called a spirometer. Another means to establish the presence of dyspnea is to use a peak flow meter, and low peak flow readings proportionately correlate with a low $FEV_1$/FVC ratio.

7. Page 39 of Plaintiff's Exhibit 11, at 1922 hours, establishes the dishonesty of Defendant KRUG, where he writes: "...no observable S/S of respiratory distress." S/S is shorthand for signs/symptoms, and a sign is what a clinician perceives to be evidence of a medical problem, and a symptom is what a patient perceives to be going wrong. So a patient's complaints, whether solicited out by the clinician or volunteered by the patient, are symptoms.

When Plaintiff HUSTON had complained of difficulty breathing, Defendant KRUG had written

a lie that Plaintiff HUSTON had no signs/symptoms. At this time, Plaintiff HUSTON was

having an exacerbation of his respiratory diseases, and Defendant KRUG and Defendant NOHL

both knew that there is a substantial likelihood of death from untreated asthma and untreated

COPD. For no other reason was Plaintiff HUSTON untreated, and Plaintiff HUSTON called

Evanston 911 for paramedic assistance. Plaintiff HUSTON was only treated with IM Zyprexa,

only because Defendant KRUG and Defendant NOHL perceived Plaintiff HUSTON as having a

mental disability. Neither Defendant KRUG nor Defendant NOHL took any measurements of

Plaintiff HUSTON'S $FEV_1$/FVC ratio. On page 38 of Plaintiff's Exhibit 11, at 2016 hours, a

false and misleading medical record note was entered by Defendant NOHL, which included a

Statement: "…No evidence of respiratory distress on exam…," a malicious lie. In reality,

Defendant NOHL observed Plaintiff HUSTON gasping for air, a fact Plaintiff HUSTON

communicated to Defendant NOHL, as best as he could. Plaintiff HUSTON communicated to

Defendant NOHL that he was gasping for air, and could not breathe without using his accessory

muscles of respiration. Defendant NOHL was told by Plaintiff HUSTON that no peak flow

measurements have been taken. Defendant NOHL had no basis for ruling out dyspnea in

Plaintiff HUSTON. The claim of Defendant NOHL, that Plaintiff HUSTON was not wheezing,

is meaningless. First, a person has to know how to auscultate for wheezing, a skill no one can

just assume to have, and second, wheezing is a sign of decreased airway patency, but there is

patency nonetheless, and third, some patients simply do not wheeze, and fourth, the airway

patency of a person with dyspnea, who is not wheezing, is usually more severely constricted

than a person who is wheezing. Although a pulse oximetry measurement was taken, pulse

oximetry measurements neither rule in nor rule out dyspnea, nor verify the degree of dyspnea.

7

Defendant KRUG and Defendant NOHL withheld treatment, including the taking of measurements to establish a diagnosis of dyspnea, although they could both see and hear Plaintiff HUSTON gasping for air. Defendant KRUG and Defendant NOHL established their specific intent to injure Plaintiff HUSTON, Conspiracy to Commit Murder, in violation of Title 18, Section 241. The conduct of Defendant KRUG and Defendant NOHL is parallel to their both firing a gun at the head of Plaintiff HUSTON, and only because of luck, they missed. The deliberate, unambiguous, and unequivocal dishonesty of Defendant KRUG and Defendant NOHL establishes their malice, and rules out negligence as their mental state. Therefore, their conduct is Attempted Murder, in violation of Title 18, Section 1113, and not medical malpractice. Both Defendant KRUG and Defendant NOHL have liability for attempted murder as a hate crime, and consequent intentional infliction of emotional distress, none of which could have happened without the aid and accomplice liability of Defendant EVANSTON HOSPITAL. Because of Defendant SLANINA, Defendant EVANSTON POLICE DEPARTMENT, Defendant EVANSTON HOSPITAL, Defendant BOZEDAY, Defendant KHARASCH, Defendant NOHL, and Defendant KRUG, Plaintiff HUSTON suffered intentional infliction of emotional distress, including anxiety, depression, nightmares, anger, and rage.


8. Due to the severity of the conduct of the Defendants, Plaintiff HUSTON demands damages for pain and suffering, and punitive damages proportionate to their misconduct. From Defendant SLANINA, Defendant BOZEDAY, Defendant KHARASCH, Defendant KRUG, and Defendant NOHL, Plaintiff HUSTON demands Five Billion U. S. Dollars in each of their official capacities, and Five Billion U.S. Dollars in each of their individual capacities. From Defendant EVANSTON POLICE DEPARTMENT, Plaintiff HUSTON demands Ten

Billion U.S. Dollars. From Defendant EVANSTON HOSPITAL, Plaintiff HUSTON demands

Ten Billion U.S. Dollars.


Respectfully submitted:


_Robert D. Huston_
Robert D. Huston, Plaintiff


Robert D. Huston
7618 N. Sheridan Road
Chicago, IL 60626
(773)706-9283

THE STATE OF _Illinois_ )
                            ) SS.    PATIENT: _Robert Huston_
COUNTY OF _Cook_ )

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _Pamela Kring_,
**(Custodian)**

who, being by me duly sworn, deposed as follows:

My name is _Pamela C. Kring_, I am of sound mind, capable of
**(Custodian)**

making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of _North Shore University HealthSy._
**(Facility)**

Attached hereto are _142_ pages of records pertaining to

_Robert Huston_. These _142_ pages of records are kept by
**(Patient)**

_NorthShore University_ in the regular course of business, and it was the
**(Facility)** _HealthSystem_

regular course of business of _North Shore_ for an employee or
**(Facility)**

representative of _North Shore_ with knowledge of the act, event,
**(Facility)**

condition, opinion, or diagnosis recorded to make the record or to transmit information

thereof to be included in such record; and the record was made at or near the time of the

act, event, condition, opinion or diagnosis.  The records attached hereto are the original or

exact duplicates of the original.

_____
**Affiant**
**(Custodian of Records)**

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official
seal this _7_ day of _June_, 20_12_.

```
Official Seal
Farrah Underwood
Notary Public State of Illinois
My Commission Expires 05/09/2015
```
_Farrah Underwood_
Notary Public

My Commission expires:

Huston, Robert (MR # 202289005)

Plaintiff's Exhibit 2

Scan on 6/15/2007 12:00 AM by Nakanwagi, Zainabu : document type- PSYCH ADMISSION AND LEGAL cmts: p3/5
06/15/07 INVOLUNTARY ADMISSION (below)

I have read and understood this Petition and affirm that the statements made by me are true to the best of my knowledge. I further understand that knowingly making a false statement of this Petition is a Class A misdemeanor.

Date ___6/15/07___    Signed ___annie Slamina___
                                              (Signature)

                            Printed Name ___Annie Slamina___

Relationship to respondent    Address ___901 maple Ave___

___case worker___    ___Evanston IL 60202___

Listed below are the names and addresses of the spouse, parent, guardian, or surrogate decision maker, if any, and close relative or, if none, a friend of the respondent whom I have reason to believe may know or have any of the other names and addresses. If names and addresses are not listed below, the following describes my efforts to identify and locate these individuals.

___Mary Ann Huston (M) 773 545 2027___

Signed ___annie Slamina___

Title ___PRSC___

Within 12 hours after admission to the facility under this status I gave respondent a copy of this Petition. I have explained the "Rights of Admittee" to the respondent and have provided him or her with a copy of it. I have also provided him or her with a copy of "Rights of Individuals" and explained those rights to him or her (405 ILCS 5/3-609).

Date _____    Signed _____

Time _____    Title _____

HUSTON, ROBERT
CHERNAIK, STEPHEN J.
2022890057166    02/21/66    M

(MHDD-5)

Huston, Robert (MR # 202289005)

Scan on 6/15/2007 12:00 AM by Nakanwagi, Zainabu : document type- PSYCH ADMISSION AND LEGAL cmts: p2/5
06/15/07 INVOLUNTARY ADMISSION (below)

I assert that ___Robert Huston___ is:
(name)

☑ A person who is mentally ill and who because of his or her illness is reasonably expected to inflict serious physical harm upon himself or herself or another in the near future.

☐ A person who is mentally ill and who because of his or her illness is unable to provide for his or her basic physical needs so as to guard himself or herself from serious physical harm.

☐ A person who is mentally retarded and is reasonably expected to inflict serious physical harm upon himself or herself or others in the near future.

☑ In need of immediate hospitalization for the prevention of such harm.

I base the foregoing assertion on the following (provide a detailed statement including a description of the signs and symptoms of a mental illness and of any, acts threats or other behavior or pattern of behavior supporting the assertion and the time and place of their occurrence. Additional page(s) may be attached as necessary):

This morning resid began making delusional statements
about a conspiracy & then threatened to kill his roommate.
Resid then began to be verbally aggressive. I staff &
tried to hit his NSG during med pass. He then stated he
intended to kill someone before he was killed. Resid
paranoid requires acute care to prevent harm to
self or others.

Below is a list of all witnesses by whom the facts asserted may be provided (include addresses and phone numbers):

Karen Madda, DON
Olaide Ogundene, CNA & 901 Maple Ave.
Miriam Myers, LPN

I ☐ do ☑ do not have a legal interest in this matter.
I ☐ do ☑ do not have a financial interest in this matter.
I ☐ am ☑ am not involved in litigation with the respondent.
☑ No certificate is attached because after diligent effort it was impossible to locate someone legally authorized to issue the certificate.

☐ Although I have indicated that I have a legal or financial interest in this matter or that I am involved in litigation with the respondent, I believe it would not be practicable or possible for someone else to be the petitioner for the following reasons:

HUSTON, ROBERT
CHERNAIK, STEPHEN J.
2022890057166        02/21/66        M

(MHDD-5)
(L462-2005 (R-7-01)        Page 2 of 5

Scan on 6/15/2007 12:00 AM by Nakanwagi, Zainabu : document type- PSYCH ADMISSION AND LEGAL cmts: p1/5
06/15/07 INVOLUNTARY ADMISSION (below)

O

## PETITION FOR INVOLUNTARY/JUDICIAL ADMISSION

### STATE OF ILLINOIS

CIRCUIT COURT FOR THE _____ JUDICIAL CIRCUIT

_____ COUNTY

IN THE MATTER OF                    )                    Docket No. _____
                                    )
Robert Huston                       )          HUSTON, ROBERT
_____           )          CHERNAIK, STEPHEN J.
(name of person)                    )          202289057166          02/21/66          M

Who is asserted to be a person subject to _intervention_ admission to a facility and for whom
                              (judicial/involuntary)

this petition is initiated by reason of:

- [✓] Emergency admission by certificate.     (405 ILCS 5/3-600)

- [ ] Admission by court order.     (405 ILCS 5/3-700)

- [ ] Voluntary admittee submitted written notice of desire to be discharged.   (405 ILCS 5/3-403)

- [ ] Voluntary admittee failed to reaffirm a desire to continue treatment.   (405 ILCS 5/3-404)

- [ ] Person continues to be subject to involuntary admission.   (405 ILCS 5/3-813)

- [ ] Emergency admission of the mentally retarded.   (405 ILCS 5/4-400)

- [ ] Judicial admission of the mentally retarded. (405 ILCS 5/4-500)

- [ ] Developmentally disabled client or an interested person on behalf of the client submitted written objection to
    admission.(405 ILCS 5/4-306)

- [ ] Administrative client (or person who executed application) failed to authorize continued residence.
    (405 ILCS 5/4-310)

- [ ] Client continues to meet standard for judicial admission.   (405 ILCS 5/4-611)

MHDD-5)
-462-2005 (R-7-01)                      Page 1 of 5

Huston, Robert (MR # 202289005)

## Initial Assessment Notes (continued)

**Initial Assessments signed by Bozeday, John at 06/15/07 1314 (continued)**

| Author: | Bozeday, John | Service: | (none) | Author Type: | Social Worker |
|---------|---------------|----------|--------|--------------|---------------|
| Filed: | 06/15/07 1314 | Note Time: | 06/15/07 1241 | | |

CRISIS INTERVENTION EVALUATION


Robert Huston
6/15/2007
Time of Evaluation: 12 PM
Duration and Servises provided:
+2 Hours - Crisis ER Level 2 Evaluation
Referral Source: Self


Insurance Information:
Insurance Company: Public Aid
Insurance Phone Number:
Managed Care Company:
Name of Insured: Patient
SS# of Insured: xxx-xx-1422
Pre-Cert #: N/A
Pre-Cert Days: N/A
Authorized by:
Average yearly income.


CHIEF COMPLAINT (Reason for admission, include reports from family or others)
"Patient is a 41 y/o single male brought in to EH ED on petition from Albany Care where the patient resides. According to petition "patient had been making delusional statements about a conspracy and then threatened to kill his roommate, became verbally aggressive with staff and tried to his his nursing staff. He then stated he intended to kill someone before he was killed". On interview Patient presented as mildly agitated, verbally contentious. He denied that he had made actual threats or that he had tried to hurt anyone arguing that these were legal terms the definitions of which he did not meet. He admitted yelling and being emotionally upset. He said that in fact he had been the victim of an assault at Albany Care a week ago and the nursing staff had prevented the police from getting his report. Patint admits to being anxious of late. States that he has a history of depression with AH and VH but denies this now. Reports that other issue is that he was unjustly dismissed from medical school in 1997 and he suffers from PTSD as a result. I spoke to patient s psychiatrist Dr David Powell, 312 9254379, who stated he had seen patient yesterday and had noted that he was getting more agitated. Dr Powell thinks that patient is more upst because this is anniversery of his school dismissal. Dr Powell agreed that given presentation he ought to be hospitalized. Patint Has been in treatment with Dr powell1994 and has had multiple psych hospitalizations the last 3/29/07.


HISTORY OF PRESENT ILLNESS
Clinical data obtained from: Patient and and Dr Powell

Huston, Robert (MR # 202289005)

## Initial Assessment Notes (continued)

Robert Huston is a 41YO Married male who present with symptoms of
hypomania, including irritable mood, inflated self-esteem, talkative,
flight of ideas, racing thoughts and psychomotor agitation . Symptoms
have been present for 2 weeks . Precipitants include: anniversary
reaction of school dismissal

Current medications (include dosage):

No current hospital medications on file.

Current outpatient prescriptions:
 FLOVENT IN
  None Entered
  Disp:
  Rfl:

 SPIRIVA HANDIHALER IN
  None Entered
  Disp:
  Rfl:

 SINGULAIR PO
  None Entered
  Disp:
  Rfl:

 PREVACID PO
  None Entered
  Disp:
  Rfl:

 ALBUTEROL IN
  None Entered
  Disp:
  Rfl:

 CYMBALTA PO
  None Entered
  Disp:
  Rfl:

 NEURONTIN PO
  None Entered
  Disp:
  Rfl:

 KLONOPIN PO
  None Entered
  Disp:
  Rfl:

 LIBRIUM PO
  None Entered
  Disp:
  Rfl:

**Initial Assessment Notes (continued)**

SEROQUEL PO
None Entered
Disp:
Rfl:

ASPIRIN PO
None Entered
Disp:
Rfl:

TYLENOL PO
None Entered
Disp:
Rfl:

NASACORT NA
None Entered
Disp:
Rfl:

IBUPROFEN PO
None Entered
Disp:
Rfl:

GUAIFENESIN PO
None Entered
Disp:
Rfl:

XOPENEX IN
None Entered
Disp:
Rfl:

Level of Compliance with Psychotropic Medication: 3=Compliant

PAST PSYCHIATRIC HISTORY

Psychiatric Hospitalizations:
Total Number:  Multiple
First:  12/99
Most Recent: 3/07

Past Psychiatric Medications:  see above

Past Outpatient Mental Health Care:  Dr Powell

Past Suicidal ideation and attempts: denied

Huston, Robert (MR # 202289005)

## Initial Assessment Notes (continued)

PAST MEDICAL HISTORY

Allergies: Review of patient's allergies indicates no known allergies.
Medical and Surgical History:  none
Head Injury:  no
Seizures: no


Tobacco Use:
 No




Alcohol Use:
 No




Drug Use:
 No



I
FAMILY HISTORY (include details of any psychiatric, alcohol, or chemical dependency).


{denied
SOCIAL HISTORY


Education: Graduate School: 3
Occupational History: unemployed
Marital/Significant relationship history: single
Current Living Situation:  in a nursing home
Social Supports:  psychiatrist
Legal Issues:  none

MENTAL STATUS EXAMINATION
General appearance and behavior (dress, grooming, interactions): Grooming good, verbal, contenious


Speech: Spontaneous; rate accelerated and volume Loud


Motor:

Huston, Robert (MR # 202289005)

**Initial Assessment Notes (continued)**

Mood:

| | | |
|---|---|---|
| Depression: | denied |
| Anxiety: | Moderate |
| Euphoria: | None |
| Mania: | Moderate |
| Hostility: | Mild |
| Other: | None |

Range:          Labile
Current Feelings:  victimizedMini Mental Status
Examination
N/A
Thought Content and Form:  flight of ideas

Judgement:   Poor
Insight:       Poor

THEMES

Delusions: persecutory
Hallucinations: none

Suicidal/Homicidal Ideation: Plan? no

Obsession, Phobias:  legal issues

LEVEL OF CARE CRITERIA (circle one for each category):

SUICIDE RISK:
0=No known history of suicide attempts or ideation.

DANGER TO OTHERS:
2=Currently physically aggressive towards property or people
regardless of verbal aggressiveness, but not at a level that risks
significant injury or death.

SEVERITY OF SYMPTOMS SCALE (BASED ON AXIS I DISORDERS ONLY)
3=Significant degree of psychiatric symptoms. For example,
significant symptoms of depression might include social isolation,
suicidal plan(s) or attempt(s), profound feelings of hopelessness,
worthlessness or guilt and the ability to complete activities of daily
living.

Narrative Summary:

This is a bright 41 y/o single male Albany Care resident with history of

Huston, Robert (MR # 202289005)

## Initial Assessment Notes (continued)

treatment for schizoaffective disorder and bipolar d/o. . Has had multiple hospitalizations for depression and agitation and becoming threatening. Patient currently increasingly agitatred and threatening to staff and residents of Albany Care requires immediate hospitalization to prevent harm to others and to potentially to self.

DSM IV Axis Summary:

Axis I: r/o Mood Disorder OR  Bipolar Affective Disorder, unspecified 296.7 3 (severe, without mention of psychotic behavior)    and r/o Psychosis OR  Schizoaffective Disorder 295.7 0 unspecified
Axis II: Deferred 799.9
Axis III:
Axis IV: Other Psychosocial and Envronmental Problems
Axis V:  20-11 some danger of hurting self or others
Highest GAF past year:

Consultation:  ED Attending Physician:  DR Karesh, Psychiatrist:  Dr Chernaik and Other:  Dr Powell and Albany Care staff
Disposition:  Admission:  Psychiatry Evanston Hospital  Accepting MD: Dr Chernaik

Name of person completing assessment: JOHN BOZEDAY, LCSW
Licensure/credentials

## ED Arrival Information

| Expected | Arrival | Acuity | Means of Arrival | Escorted By | Service | Admission Type | Arrival Complaint |
|---|---|---|---|---|---|---|---|
| 6/15/2007 00:00 | 6/15/2007 10:48 | A2 | **AMBULANCE** | **Self** | **Psychiatry** | **Emergency** | - |

## Diagnosis

None

## ED Disposition

None.

## Follow-up Information

None

## Events

| Team Member Assigned | 06/15/07 1059 |
|---|---|

Huston, Robert (MR # 202289005)                                          Plaintiff's Exhibit 4

## All Notes (continued)

Crisis at bedside.

### ED Notes signed by de La Cruz, Roselle at 06/15/07 1134

| Author: | de La Cruz, Roselle | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1134 | Note Time: | 06/15/07 1134 | | |

Pt given water and urinal at bedside.
Pt remains calm. Currently resting/sleeping in cart, in NAD.
PSO on stand by.
Will continue to monitor.

### ED Notes signed by Kharasch, Morris S. at 06/15/07 1130

| Author: | Kharasch, Morris S. | Service: | (none) | Author Type: | Physician |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1130 | Note Time: | 06/15/07 1128 | | |

I have seen this patient with the resident and discussed the findings. I
have personally taken a history and examined this patient.agresive in
home: states no police protection and upset but not now
pe
heart rrr
lungs clear
abd soft
ext normal
a/p
crisis to see
calm in ed
standby

### ED Notes signed by Zzdelmonte, Derek at 06/15/07 1123

| Author: | Zzdelmonte, Derek | Service: | (none) | Author Type: | Resident |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1123 | Note Time: | 06/15/07 1049 | | |

INTERN ED NOTE

CC: Psych Eval

HPI: Mr. Huston is a 41 y/o male with Schizoaffective disorder who was
brought to the ER by EMS for a psychiatric evaluation after he was noted
to be aggressive at his group home. He reports that he was a victim of
domestic abuse crime last Friday and was "denied police protection". He
states since that time he has been "emotionally upset". He voiced these
feelings today and was given 1mg Klonopin and the emotional upset went
away. He currently denies any SI/HI/AH/VH.

Huston, Robert (MR # 202289005)

Plaintiff's Exhibit 5

**All Notes (continued)**

CHIEF COMPLAINT "At Albany they're not protecting my civil rights."

HISTORY OF PRESENT ILLNESS
Mr. Huston is a 41 y/o single caucasian male with extensive past
psychiatric history, with previuos diagnoses of schizoaffective disorder
vs bipolar disorder, first hospitalized in 1997 after being expelled from
medical school due to disruptive behavior and alleged herassement. He
subsequently encountered legal issues related to phone harrassment in thep
process of attempting to procure a teaching degree and accusing
educational facilities of various legal transgressions. The charges were
dropped on the grounds of insanity and Mr. Huston spent a number of months
at Elgin hospital. He has been living at Albany care and has had numerous
psychiatric hospitalizations, most recently in March of 2007. He is
brought to the ED today after threatening behavior and verbal aggression
directed at Albany staff and residents. Mr. Huston denies these events,
stating, "I was angry, they are not protecting my rights. I suffered
battery and assault at the hands of W.S. I was yelling 'who has the right
to commit battery on Robert Huston..." On exam Mr. Huston ruminates about
legal injustices and his need to persecute various individuals for wrongs
they have committed against him. Per Dr. Powel, Mr. Hurston's outpatient
psychiatrist, the patient was notably more agitated at an appointment one
day prior to this admission. This is the anniversary of Mr. Huston's
original conflict with medical school authorities in 1997 and there is a
history of increased agitation at this time of year. Mr. Huston also has a
history of narcissitic behavior, with very entitled bahavior and
insistence that he determine which medications he is to take and at what
doses. He has never been compliant with recommended mood stabilizers or
antipsychotic medications. Since arriving on the floor Mr. Huston has
exhibited enititled, demanding behavior and has already called the police
and made threats toward them. He currently denies suicidal or homicidal
ideation and is not experiencing auditory or visual hallucinations. He
does have a history of suicide attempts by overdosing and cutting. Per his
report, he has experienced auditory hallucinations in the past in the
midst of a major depressive episode.

He is admitted voluntarily.

PAST PSYCHIATRIC HISTORY
Numerous psychiatric hospitalizations, most recently 3/2007

Past Suicidal ideation and attempts: Approx 3, by cuttine and overdosing,
between the years 2000 and 2003

PAST MEDICAL HISTORY
Hx asthma, COPD
Chronic chest wall pain secondary to hx of pectus excavatum, s/p
corrective surgery
GERD

Allergies: NKDA

Huston, Robert (MR # 202289005)

**All Notes (continued)**

Tobacco Use:
None


Alcohol Use:
Hx EtOH abuse


Drug Use:
Denies



If two positive responses to CAGE, consult Chapman Center


Have you ever felt the need to Cut down on your use? No
Have you ever felt Annoyed by criticism of your alcohol use? No
Have you ever had a Guilty feeling about your use? No
Have you ever taken a morning Eye opener? No


Current medications (include dosage and level of compliance):


Current hospital medications:
 Acetaminophen TABS 650 mg (TYLENOL)
 650 mg
 Oral
 Q4HPRN

 Lorazepam TABS 1-2 mg (ATIVAN)
 1-2 mg
 Oral
 Q1HPRN

 Olanzapine(ZyPREXA) 10 mg (ZYPREXA)
 10 mg
 Intramuscular
 Q4HPRN

 Olanzapine(ZyPREXA Zydis) TBDP 10 mg (ZYPREXA ZYDIS)
 10 mg
 Oral
 Q4HPRN

 DULOXETINE CPEP 20 mg (Cymbalta)
 20 mg
 Oral
 BID

Huston, Robert (MR # 202289005)

## All Notes (continued)

Gabapentin CAPS 600 mg (NEURONTIN)
600 mg
Oral
Q4HPRN

Chlordiazepoxide CAPS 25 mg (LIBRIUM)
25 mg
Oral
Q4HPRN

Pantoprazole TBEC 40 mg (PROTONIX)
40 mg
Oral
AC BREAKFAST

Montelukast TABS 10 mg (SINGULAIR)
10 mg
Oral
DAILY

Tiotropium CAPS 1 Puff (SPIRIVA)
1 Puff
Inhalation
DAILY

Level of Compliance with Psychotropic Medication: 1=Sporadically takes
medication

FAMILY HISTORY (include details of any psychiatric, alcohol, or chemical
dependency).
Noncontributory

SOCIAL HISTORY
Education: Graduate School: 3
Occupational History: Unemployed
Marital/Significant relationship history: Single
Current Living Situation:  Albany Care
Social Supports:  Mother, isolated from 2 brothers
Legal Issues:  None current

MENTAL STATUS EXAMINATION
Cooperative
Intense eye-contact
Speech is pressured
No psychomotor agitation
Mood irritable, hypervigilant
Affect flat
Thoughts are tangential
Rumination on persecuting individuals who have harmed them, recurrent
reference to having his rights witheld; no SI / HI, no AH / VH

## All Notes (continued)

Sensiorium clear (Folstein 30/30)
Insight and judgement poor
Poor impulse control

LEVEL OF CARE CRITERIA (circle one for each category):

SUICIDE RISK:
1=No current suicidal ideation.

DANGER TO OTHERS:
1=No current aggressiveness but either current within last 7 days
verbal aggressiveness, but not at a level that risks significant injury or
death.

SEVERITY OF SYMPTOMS SCALE (BASED ON AXIS I DISORDERS ONLY)
3=Significant degree of psychiatric symptoms. For example,
significant symptoms of depression might include social isolation,
suicidal plan(s) or attempt(s), profound feelings of hopelessness,
worthlessness or guilt and the ability to complete activities of daily
living.

PHYSICAL EXAM
BP 119/74 | Pulse 88 | Temp 97.9 F (36.6 C) | Resp 20 | Wt 262 lbs
(118.842 kg)
R.O.S.:   Chest wall pain (longstanding), otherwise negative
HEENT:    MMM, no erythema or exudate
Lungs:    CTA bilaterall
Heart:     RRR, no m/r/g
Abdomen:  Obese, nd/nt, bowel sounds normoactive
Extremities:  No edema, no rash

Differential Diagnosis:
41 y/o male with history of shizzoaffective disorder, limited willingness
to comply with psychotropic intervention, marked Axis II traits, with
narcisstic behavior, recent increase in exacerbation possibly associated
with anniversary of being expelled from medical school under unclear
circumstances. Patient is markedly disorganized, with persecutory
delusions and verbally aggressive behavior. Psychiatric hospitalization
required for stabilization.

DSM IV Axis Summary:

Axis I:   Schizoaffective disorder, paranoid
          R/o bipolar disorder
Axis II:  Axis II traits, r/o narcissitic personality disorder
Axis III: GERD
          Asthma
          COPD
Axis IV: Chronic mental illness
Axis V: GAF 20

Huston, Robert (MR # 202289005)

**All Notes (continued)**

Treatment Plan:
-Admit to 5E, voluntary
-Continue previous medications, as outlined above; patient is very
unlikely to agree to further psychotropic intervention, addressing that
issue is likely to exacerbate symptoms as narcisstic blow; consider
attempting further intervention following establishment of therapeutic
alliance
-Assault precautions
-Restric outgoing phone-calls
-Zyprexa prn agitation


Plan of care discussed with attending psychiatrist, Dr. Chernaik, who
concurs.


Cory Nohl PGY1
x3585

**Progress Notes signed by Anderson, Ivar at 06/15/07 1422**

| Author: | Anderson, Ivar | Service: | (none) | Author Type: | Mental Health Worker |
|---------|----------------|----------|--------|--------------|----------------------|
| Filed: | 06/15/07 1422 | Note Time: | 06/15/07 1422 | | |

Problem: RISK FOR VIOLENCE
Goal: PATIENT DOES NOT BRING HARM TO OTHERS DURING HOSPITALIZATION
Cooperative with admit, pt reports chronic "chest wall pain", was at
medical school and forced to leave in 1997. Family lives in the area. Pt
was guarded but pleasant. Did not elaborate on events prior to admit.

**Initial Assessments signed by Dunham, Karin A at 06/15/07 1412**

| Author: | Dunham, Karin A | Service: | (none) | Author Type: | Registered Nurse |
|---------|-----------------|----------|--------|--------------|------------------|
| Filed: | 06/15/07 1412 | Note Time: | 06/15/07 1406 | | |

Psychiatric
Nursing Initial Assessment


Robert Huston is a 41YO admitted for schizoaffective disorder.. He was
admitted from ER.

Plaintiff's Exhibit 6

# PROGRESS NOTES

| mily Name | First Name | Attending Physician | Room No. | Hosp. No. |
|-----------|-----------|---------------------|----------|-----------|
| Huston | Robert | Dr. David A. Powell, M.D. | 202 | |

| Date | Notes Should Be Signed by Physician |
|------|-------------------------------------|
| 2/1/12 | Pt @ grp stable, Dx PTSD & MDD Continue current treatment |

Huston, Robert (MR # 202289005)

Plaintiff's Exhibit 7

Scan on 6/15/2007 12:00 AM by Galom, Sylvia : document type- PSYCH ADMISSION AND LEGAL cmts: 06/17/07 restriction of rights (below)

Reference: 405 ILCS 5/2-103, 2-104, 2-107, 2-108, 2-109 and 2-20

HUSTON, ROBERT
CHERNAIK, STEPHEN J.
202289005 7166        02/21/66        M

**NOTICE REGARDING RESTRICTED**

Regarding (Name): _____ ID n _____ ng

☒ MH ☐ DD or ☐ MH/DD services at _Evanston Northwestern Hosp_ facility

**PART I.**

A. On (date): _6/15/2007_ at (time): _16:17_ ___ m. he or she was:
(month/day/year)

☐ Placed in restraints     ☐ Placed in seclusion

B. Had a restriction placed on certain rights (which are checked and explained below) for a duration of

HOURS: _____ DAYS: _____ FROM: _6/15/2007 16:00_ TO: _open ended_
Date/Time                      Date/Time

☐ To refuse medication
☐ in accordance with treatment/habilitation plan
☐ emergency basis
☐ To refuse medical service - x-ray
☒ To be allowed communication*
(via: telephone, mail, visitation
(circle applicable)

☐ To manage his or her own personal hygiene
☐ To refuse medical service - laboratory specimens

☐ To refuse other medical treatment services
☐ To refuse dental services
☐ To retain personal property
☐ To be free of unexpected search of person or living area

Other, specify: _No outgoing phone calls._

The reason(s) for restriction of rights is (are):

_Making phone threats to kill Evanston Police Dept Officer_

A or B (above)  Date _6/15/07_  Signature: _William R K_  Title: _RN_

**PART II.**

I certify that on _____ I, _____
(month/day/year)                    (name)                          (title)

☐ delivered in person and ☐ mailed a copy of this notice in ☐ English ☐ Spanish ☐ Other (specify) _____
to each of the following entitled to receive notice, unless:

☐ individual wished no one to be notified. Exception: Guardian of person**;

☐ his or her guardian of person  Name: _____
                                  Address: _____

☐ designated by individual; or   Name: _____
                                  Address: _____

☐ representative of the          Name: _____
   Guardianship and              Address: _____
   Advocacy Commission

**PART III.**

I certify that a copy of this Notice has been placed in the individual's record.

Staff Signature: _William R K RN_

*Also see the reverse side if mail, telephone, or visitation rights are being restricted.
**Designated guardian of person must be notified regardless of individual's wishes.

(MHDD-4)
IL462-2004 (R-7-01)      **NOTICE REGARDING RESTRICTED RIGHTS OF INDIVIDUAL**

**CITY OF EVANSTON**
**EVANSTON POLICE DEPARTMENT**

RICHARD EDDINGTON, CHIEF OF POLICE

1454 ELMWOOD AVENUE
EVANSTON. ILLINOIS 60201-4360

TEL 847-866-5005   FAX 847-866-9686
e-mail: reddington@cityofevanston.org

*Received 6/3/11*
*- R.D.H.*

May 10, 2011

Mr. Robert D. Huston
7618 N. Sheridan Road
Chicago, Illinois 60626

Reference:          **FOIA Request**

**Any and all evidence in the possession of any agent of the City of Evanston to corroborate/negate the claim by William R. Krug. The Evanston Police Department called to report that patient was calling them and threatening to kill the officers in his arrest today. This information is needed as an evidentiary exhibit for a medical malpractice lawsuit. The date of this medical malpractice (including the claim by William R. Krug) is June 15, 2007. Also pending is a conspiracy to violate civil rights lawsuit under color of law against Richard Eddington and his accomplices.**

Dear Mr. Huston:

With regard to your Request for Public Records received May 3, 2011, requesting documentation under the Freedom of Information Act, we offer the following response:

Request #1:  Copy of police reports, etc. as referenced above.

Response:  **We are unable to provide the information requested. We have no record of the incident(s) you referenced.**

Sincerely,

Richard Eddington
Chief of Police

RE/srd

Plaintiff's Exhibit 9

**By Wire to Fax No.:847-864-6090**

**Attention: Office of Professional Standards**

7618 N. Sheridan Road
Room 202-3
Chicago, IL 60626
July 18, 2011

Sergeant Angela Hearts-Glass
Office of Professional Standards
Evanston Police Department
1454 Elmwood Ave.
Evanston, IL 60201

Dear Sergeant Hearts-Glass:

I am writing to find out the identity of offenders, in the Evanston Police Department, who falsely accused me of committing crime. These false accusations resulted in violations of my civil rights, including my right not to be deprived of liberty without due process of law. The privation of liberty, which I suffered, nearly killed me.

From a review of my medical records, from Evanston Hospital, there are multiple statements that on June 15, 2007, I had called 911 and specifically threatened to kill members of the Evanston Police Department. There are multiple witnesses to the false and malicious complaints made by certain members of the Evanston Police Department.

I need to know the exact identity of the offenders, so that I can lawfully respond.

Subscribed and sworn to before me

this 18 day of July 2011
at Chicago, County of Cook, State of Illinois.

Notary Public _____

Respectfully submitted,

Robert D. Huston

Robert D. Huston
(773)706-9283

"OFFICIAL SEAL"
HEINRICH ERNST
Notary Public, State of Illinois
My Commission Expires Dec. 29, 2012
Commission No. 433315

Plaintiff's Exhibit 10



City of
**Evanston**

Law Department
2100 Ridge Avenue
Evanston, Illinois 60201
T  847.866.2937
F  847.448.8093
www.cityofevanston.org

July 25, 2011

Robert Huston
7618 N. Sheridan Road, Room 202-3
Chicago, IL 60626

RE: Response letter to Freedom of Information Act Request

On July 18, 2011, the City of Evanston (the "City") received your written request for copies of certain public records pursuant to the Freedom of Information Act (5 ILCS 140/1 *et seq.*) ("FOIA") (the "Request"). The Request submitted was for the identities of any and all individuals that reported certain statements and accusations to the Evanston Police Department on June 15, 2007 about the Requestor ("Public Records").

The City denies your Request because the City has no records from June 15, 2007 involving the Requestor (either as the complaining witness or the suspect). Accordingly, there are no "public records" that are responsive to your Request. Under FOIA "public records" are documents or other materials "having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of" the City. *See* 5 ILCS 140/2(c). Moreover, FOIA only requires the City to "make available for inspection or copying all public records." 5 ILCS 140/3(a).

You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to: Cara Smith, Public Access Counselor, Office of the Attorney General, 500 South 2nd Street, Springfield, Illinois 62706; Fax: 217-782-1396, E-mail: publicaccess@atg.state.il.us. You also have the right to seek judicial review of your denial by filing a lawsuit in the State circuit court. 5 ILCS 140/11. If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this denial letter. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this denial letter when filing a Request for Review with the PAC.

The total amount owed prior to inspection and copying is: $ 0.00.

Sincerely,

*Michelle Masoncup*
Michelle Masoncup
Assistant City Attorney

Huston, Robert (MR # 202289005)

Plaintiff's Exhibit 11

**All Notes (continued)**
2-6 days

---

**Progress Notes signed by Dunham, Karin A at 06/16/07 1007**

| Author: | Dunham, Karin A | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/16/07 1007 | Note Time: | 06/16/07 1007 | | |

Problem: RISK FOR VIOLENCE
IP PSYCH CARE PLAN

Goal: PATIENT DOES NOT BRING HARM TO OTHERS DURING HOSPITALIZATION
-Patient's physical and/or verbal threats decrease and cease.
-Patient explores socially acceptable ways to express anger and
frustration.
-Patient develops ability to deal with tension without becoming
combative.
"I promise I won't hurt you..." Pt. very superficial about recent events
of last PM. Has been napping steadily after breakfast. He requested a
Flovent which was ordered by Dr. Stephansy. Has been asleep and has not
used it yet. No outbursts thus far this shift.

---

**Progress Notes signed by Nohl, Cory Michael at 06/16/07 0951**

| Author: | Nohl, Cory Michael | Service: | (none) | Author Type: | Resident |
|---|---|---|---|---|---|
| Filed: | 06/16/07 0951 | Note Time: | 06/15/07 1752 | | |

PGY1 Progress Note

S: Slept through the night. Apologized for behavior yesterday evening.
Reports increased anxiety associated with anniversary of allegations
leading to dismissal from medical school in 1997. Discussed medication
options at great length and adamantly refuses adjustment. Reports not
tolerating Depakote in the past ("It made me more depressed...I'm not
bipolar.") Also stated he is unwilling to adjust Cymbalta dosing ("This
dose works for me. I don't want to mess with anything.") Is notably more
appropriate and cooperative compared with admission and subsequent events
yesterday evening.

O: BP 125/92 | Pulse 105 | Temp 97.8 F (36.6 C) | Resp 16 | Wt 258 lbs
9.6 oz (117.300 kg)

---

Huston, Robert (MR # 202289005)

**All Notes (continued)**

MSE:
Cooperative
Good eye-contact
Speech mildly pressured, much less than on previous exam
No psychomotor agitation
Mood dysthymic
Affect flat
Thoughts mildly circumstantial
No SI / HI, no AH / VH
Insight and judgement poor


Assessment: 41 y/o male with history of shizzoaffective disorder, limited
willingness to comply with psychotropic intervention, marked Axis II
traits, with narcisstic behavior, recent increase in exacerbation possibly
associated with anniversary of being expelled from medical school under
unclear circumstances. Patient is markedly disorganized, with persecutory
delusions and verbally aggressive behavior. Psychiatric hospitalization
required for stabilization. Behavior and events since admission strongly
suggest bipolar spectrum disorder raising concern for administration of
SNRI in the absence of mood stabilizer. Patient is at this point unwilling
to make any adjustments to medication. Behavior notably improved this
morning compared with admission. Will need to follow with aim of attaining
therapeutic alliance that will allow for more appropriate pharmacotherapy.


Axis I:   Schizoaffective disorder, paranoid
          R/o bipolar disorder
Axis II:  Axis II traits, r/o narcissitic personality disorder
Axis III: GERD
          Asthma
          COPD
Axis IV: Chronic mental illness
Axis V: GAF 20


Plan:


 -Continue previous medications, as outlined above; aim to establish
agreement on more appropriate regimen; patient is very unlikely to agree
to further psychotropic intervention
 -Assault precautions
 -Restrict outgoing phone-calls (called police and made threats shortly
after admission)
 -Zyprexa prn agitation


 Plan of care discussed with attending psychiatrist, Dr. Anderson, who
concurs.


 Cory Nohl PGY1
 x3585

Huston, Robert (MR # 202289005)

**All Notes (continued)**

**Progress Notes signed by Anderson, Ivar at 06/16/07 0949**

| Author: | Anderson, Ivar | Service: | (none) | Author Type: | Mental Health Worker |
|---------|----------------|----------|--------|--------------|----------------------|
| Filed: | 06/16/07 0949 | Note Time: | 06/16/07 0948 | | |

Problem: EMOTIONAL STRESS

Goal: EFFECTIVE COPING
Intervention: COPING ENHANCEMENT
Coping Assessment
Discussed with patient/family short & long term goals, alternative
responses, available support systems and community resources pertinent to
current situation.

Up early, did eat breakfast, was superficially pleasant, reported some
residual sedation from meds last night. Did not go into events of last
night, and I did not ask. I adjusted his pants so they fit better (by
fastening two belt loops together), pt seemed to appriciate contact but
did go back to bed to rest.
Did not make any outgoing phone calls.

**Progress Notes signed by Nohl, Cory Michael at 06/16/07 0939**

| Author: | Nohl, Cory Michael | Service: | (none) | Author Type: | Resident |
|---------|--------------------|----------|--------|--------------|----------|
| Filed: | 06/16/07 0939 | Note Time: | 06/15/07 2003 | | |
| Related Notes: | Original Note by: Nohl, Cory Michael filed at 06/15/07 2016 | | | | |

Resident On-Call Event Note

Called by nursing staff due to patient complaints of shortness of breath.

S: On exam patient seated on bed, irritable, in no acute distress.
"You're trying to kill me, you don't know what you're doing...Don't talk
to me in that salacious voice like you wanna bugger me!" Patient
subsequently ambulated down hall in response to telephone call. Raising
voice, minimally redirectable. "I need emergency respiratory therapy. Do

Huston, Robert (MR # 202289005)

## All Notes (continued)

you know what that is?" Continued to escalate. Returned to room in no
acute distress with the exception of marked agitation.

O: Lungs CTA bilaterally
O2Sat 98%
Patient agitated, verbally aggressive

A/P: 41 y.o with history of schizoaffective disorder vs bipolar disorder
and Cluster B traits admitted following verbally assaultive and physically
threatening behavior at residential home. No evidence of respiratory
distress on exam. Code Brown called. PRN Zyprexa administered with good
effect.

Cory Nohl PGY1
x3585

PGY1 Addendum
"Code Brown" in A/P above should read "Code GRAY."

Cory Nohl PGY1

06/15/07 2016 Progress Notes Signed by: Nohl, Cory Michael

### Progress Notes signed by Reed, Tony at 06/15/07 2057

| Author: | Reed, Tony | Service: | (none) | Author Type: | Mental Health Worker |
|---|---|---|---|---|---|
| Filed: | 06/15/07 2057 | Note Time: | 06/15/07 2057 | | |

Problem: RISK FOR VIOLENCE
IP PSYCH CARE PLAN
Goal: PATIENT DOES NOT BRING HARM TO OTHERS DURING HOSPITALIZATION
-Patient's physical and/or verbal threats decrease and cease.
-Patient explores socially acceptable ways to express anger and
frustration.
-Patient develops ability to deal with tension without becoming
combative.
Intervention: ASSIST INDIVIDUAL IN MAINTAINING CONTROL OVER BEHAVIOR
-Encourage constructive methods to deal with unpleasant feelings.
-Offer medications as ordered, assess response.
-Give patient positive reinforcement for appropriate behaviors.
-Set limits on verbal abuse.
Pt. on ap with 15 minute checks. Pt. also has had his out going
phone calls restricted . He earlier had called the police dept. and then
wanted to call the fire dept. Pt. was allowed to call his mother and
he did with staff supervision. Pt. was yelling and a code grey was
called . Pt. got a IM medication at 1930. Pt. has been resting in
room afterwards.

Huston, Robert (MR # 202289005)

**All Notes (continued)**

---

**Progress Notes signed by Nohl, Cory Michael at 06/15/07 2016**

| Author: | Nohl, Cory Michael | Service: | (none) | Author Type: | Resident |
|---|---|---|---|---|---|
| Filed: | 06/15/07 2016 | Note Time: | 06/15/07 2003 | Note Status: | Revised |
| Related Notes: | Addendum by: Nohl, Cory Michael filed at 06/16/07 0939 | | | | |

Resident On-Call Event Note

Called by nursing staff due to patient complaints of shortness of breath.

S: On exam patient seated on bed, irritable, in no acute distress.
"You're trying to kill me, you don't know what you're doing...Don't talk
to me in that salacious voice like you wanna bugger me!" Patient
subsequently ambulated down hall in response to telephone call. Raising
voice, minimally redirectable. "I need emergency respiratory therapy. Do
you know what that is?" Continued to escalate. Returned to room in no
acute distress with the exception of marked agitation.

O: Lungs CTA bilaterally
O2Sat 98%
Patient agitated, verbally aggressive

A/P: 41 y.o with history of schizoaffective disorder vs bipolar disorder
and Cluster B traits admitted following verbally assaultive and physically
threatening behavior at residential home. No evidence of respiratory
distress on exam. Code Brown called. PRN Zyprexa administered with good
effect.

Cory Nohl PGY1
x3585

---

**Progress Notes signed by Krug, William R at 06/15/07 1937**

| Author: | Krug, William R | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1937 | Note Time: | 06/15/07 1937 | | |

"You don't want me to breathe!!! You're gonna kill me!!! I WANT TO GET
OFF THIS FLOOR YOU FUCKERS!!!! Pt highly agitated, yelling very loudly

## All Notes (continued)

in hallway. Code called, pt cooperative with IM Zyprexa with security
staff present. Pulse Ox currently 98.

### Progress Notes signed by Krug, William R at 06/15/07 1922

| Author: | Krug, William R | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1922 | Note Time: | 06/15/07 1922 | | |

Pt demanding emergency respiratory treatment, says he can't breathe, no
observable S/S of respiratory distress, ROC seeing pt now.

### Progress Notes signed by Krug, William R at 06/15/07 1854

| Author: | Krug, William R | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1854 | Note Time: | 06/15/07 1854 | | |

Pt asking for Albuteral inhaler, ROC notified.

### Progress Notes signed by George, Laurie at 06/15/07 1842

| Author: | George, Laurie | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1842 | Note Time: | 06/15/07 1842 | | |

Received a telephone call from the Evanston Police Department that Pt was
again making threatening telephone calls to Police Department as he had in
am. I believe officer said Pt was harrasing the officers and threatening
their lives. Department was requesting that we restrict Pt's outgoing
calls so that harrasing ceases.

### Progress Notes signed by Krug, William R at 06/15/07 1812

| Author: | Krug, William R | Service: | (none) | Author Type: | Registered Nurse |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1812 | Note Time: | 06/15/07 1812 | | |

Pt given restriction of rights on making outgoing phone calls. The
Evanston Police Dept called to report that pt was calling them and
threatening to kill the officers involved in his arrest today. Pt
agitated, denying he was threatening to kill officers. RN, LG received
the call from EPD.

### H&P signed by Nohl, Cory Michael at 06/15/07 1631

| Author: | Nohl, Cory Michael | Service: | (none) | Author Type: | Resident |
|---|---|---|---|---|---|
| Filed: | 06/15/07 1631 | Note Time: | 06/15/07 1325 | | |

Psychiatric Examination

Huston, Robert (MR # 202289005)

## All Meds and Administrations  (continued)

Albuterol Neb NEBU 2.5 mg (VENTOLIN) [79414621]    Status: Discontinued (Past End Date/Time),
                                                                      Reason: Error

Ordered On: 06/15/07 1851 by Nohl, Cory Michael    Starts/Ends: 06/15/07 1851 - 06/15/07 1859
Dose (Remaining/Total): 2.5 mg (-/-)               Frequency: Q4HPRN
Route: Inhalation                                  Rate/Duration: - / -
Admin Instructions: For inhalation by respiratory therapy.    Comments:

(No admins scheduled or recorded for this medication)


Combivent AERO 2 Puff (COMBIVENT) [79414787]    Status: Discontinued (Past End Date/Time),
                                                                 Reason: Patient Discharged

Ordered On: 06/15/07 1859 by Nohl, Cory Michael    Starts/Ends: 06/15/07 1857 - 06/18/07 2216
Dose (Remaining/Total): 2 Puff (-/-)               Frequency: Q4HPRN
Route: Inhalation                                  Rate/Duration: - / -
Admin Instructions: Shake well. For inhalation.    Comments:

| Administration | Status | Dose | Route | Site | Given By |
|---|---|---|---|---|---|
| 06/18/07 1418 | Given | 2 Puff | Inhalation | | Dunham, Karin A |
| 06/18/07 1007 | Given | 2 Puff | Inhalation | | Dunham, Karin A |
| 06/18/07 0459 | Given | 2 Puff | Inhalation | | O'Malley, Mari-Ann |
| 06/17/07 1809 | Given | 2 Puff | Inhalation | | Zzreis, Kristine H. |
| 06/17/07 1043 | Given | 2 Puff | Inhalation | | Dunham, Karin A |
| 06/17/07 0541 | Given | 2 Puff | Inhalation | | O'Malley, Mari-Ann |
| 06/16/07 1724 | Given | 2 Puff | Inhalation | | Martin, Kathleen Reid |
| 06/16/07 0426 | Given | 2 Puff | Inhalation | | O'Malley, Mari-Ann |
| 06/15/07 2048 | Held | 2 Puff | Inhalation | | Krug, William R |
| | Comments: Pt sound asleep | | | | |
| 06/15/07 2044 | Missed | 2 Puff | Inhalation | | Krug, William R |
| | Reason: Drug not available from Pharmacy | | | | |
| 06/15/07 2028 | Missed | 2 Puff | Inhalation | | Krug, William R |
| | Reason: See Comment | | | Comments: Pharmacy called. | |
| 06/15/07 2024 | Missed | 2 Puff | Inhalation | | Krug, William R |
| | Reason: Drug not available from Pharmacy | | | | |
| 06/15/07 1900 | Missed | 2 Puff | Inhalation | | Krug, William R |
| | Reason: Drug not available from Pharmacy | | | | |
| 06/15/07 1800 | Missed | 2 Puff | Inhalation | | Krug, William R |
| | Reason: Drug not available from Pharmacy | | | | |


ClonAZEPAM (Klonopin) TABS 0.5-1 mg (KLONOPIN) [79426569]    Status: Discontinued (Past End Date/Time),
                                                                              Reason: Patient Discharged

Ordered On: 06/16/07 0839 by Nohl, Cory Michael    Starts/Ends: 06/16/07 0838 - 06/18/07 2216
Dose (Remaining/Total): 0.5-1 mg (-/-)             Frequency: Q6HPRN
Route: Oral                                        Rate/Duration: - / -
Admin Instructions:                                Comments:

| Administration | Status | Dose | Route | Site | Given By |
|---|---|---|---|---|---|
| 06/17/07 2310 | Given | 1 mg | Oral | | Zzreis, Kristine H. |