IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. HUSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 12 C 4582 |
| ANNIE SLANINA, EVANSTON POLICE DEPARTMENT, EVANSTON HOSPITAL, COREY MICHAEL NOHL, WILLIAM R. KRUG, MORRIS S. KHARASCH, and JOHN BOZEDAY, | ) ) Judge Virginia M. Kendall ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert D. Huston ("Huston") moves to proceed *in forma pauperis* without the full prepayment of filing fees. Huston's first application to proceed *in forma pauperis* was denied because his original Complaint failed as a matter of law. Having filed a timely Amended Complaint, Huston again moves for appointment of counsel and to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Huston to proceed *in forma pauperis* if he is unable to pay the mandated court fees. The Court already has found that Huston has established his inability to pay the mandated court fees in its previous order dated June 28, 2012. Again, however, the Court must look beyond his financial status and determine whether Huston has been able to state a claim this second time. The Court originally dismissed the case due to Huston's failure to state a claim.

Now, in his Amended Complaint, Huston brings various claims against Annie Slanina, in her official and individual capacities; the Evanston Police Department, an agency of the City of Evanston; Evanston Hospital; Corey Michael Nohl, in his individual and official capacities; William R. Krug, in his individual and official capacities; Morris S. Karasch, in his individual and official capacities; and John Bozeday, in his individual and official capacities.

Huston alleges Slanina defamed him by stating in a report that Huston made "delusional statements" and suffered from paranoia. Huston further alleges that Slanina conspired with Bozeday, Kharasch, and Nohl to commit (1) health care fraud in violation of 18 U.S.C. § 1349; and (2) deprivation of rights under color of law under 18 U.S.C. § 242. According to Huston, Evanston Hospital used Slanina's statements regarding Huston's mental well-being to deprive Huston of rights secured by the United States Constitution. Huston also maintains that Evanston Police Department deprived him of rights under color of law and wire fraud in violation of 18 U.S.C. §§ 242 and 1343, respectively, by falsely claiming that he threatened to kill agents of the Evanston Police Department. Huston levels his most serious allegations against Krug and Nohl, who he accuses of attempted murder in violation of 18 U.S.C. § 241 and 18 U.S.C. § 1113. Lastly, Huston claims he suffered emotional distress including "anxiety, depression, nightmares, anger, and rage," as a result of the intentional acts of all the defendants.

Huston demands damages of five billion dollars from each defendant in his or her individual capacity, five billion dollars in their official capacities, and ten billion dollars each from Evanston Hospital and Evanston Police Department.

**LEGAL STANDARD**

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether

3

they plausibly give rise to an entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**DISCUSSION**

Huston brings three types of claims against the various defendants: (1) criminal allegations under Title 18 of the United States Code; (2) constitutional claims under the Fourteenth Amendment of the United States Constitution; and (3) tort claims – defamation and intentional infliction of emotional distress.

I. **Huston's Title 18 Claims**

Huston's Title 18 claims fail to state a valid cause of action because Huston, as a private citizen, may not file a lawsuit under Title 18 of the United States Code. *Maine v. Taylor*, 477 U.S. 131, 136 (1986). The power to prosecute criminal cases in the federal courts lies solely with the United States and its attorneys.[1] *Id.* Specifically with respect to Huston's claims, it is well-settled that there is no private right of action under either § 241 (conspiracy against rights) or § 242 (deprivation of rights under color of law). *See, e.g.,*

---

[1] While some sections of Title 18 allow for private causes of action, the sections under which Huston brings suit are not among them. For example, Section 1030 of Title 18 provides for a private cause of action if a party makes unauthorized access to another party's computer and causes monetary loss to the victim of at least $5,000. 18 U.S.C. § 1030(a)(5)(g).

*United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Cok v. Costentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . . These statutes do not give rise to a civil action for damages."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). *See also Jones v. GES Exposition Svcs, Inc.*, No. 02 C 6243, 2004 WL 2011396, at *7 n.5 (N.D. Ill. Sep. 7, 2004); *Lovelace v. Whitney*, 684 F.Supp 1438, 1441 (N.D. Ill. 1988) (holding that "18 U.S.C. §242 . . . is a criminal statute which provides no private cause of action"); *Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D. Ill. 1983) ("[I]t is well settled no private right of action inheres in those criminal provisions [18 U.S.C. §§ 241–242]."). Nor do sections 1343 (wire fraud) and 1349 (conspiracy to commit healthcare fraud) of the criminal code allow for private causes of action. *See, e.g., Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (§ 1343); *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966) (§ 1343); *RJ Production Co. v. Nestle USA, Inc.*, No. 10-0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (§§ 1343 and 1349). With respect to Huston's attempted murder allegations under § 1113, the Fifth Amendment states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury." U.S. Const. amend. V. Therefore, Huston's allegations under Title 18 fail to state a cause of action upon which this Court may grant relief.

## II. Huston's Constitutional Claims

Next, Huston alleges that Evanston Hospital used false statements made by Slanina to deprive him of rights secured under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Like his original Complaint, Huston's Amended Complaint does not allege any specific facts against Evanston Hospital that give rise to a plausible entitlement to relief under the Fourteenth Amendment. Huston's Amended Complaint, therefore, falls short of the minimal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678. The pleading standard announced in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Because Huston's Amended Complaint offers little more than "naked assertions devoid of further factual enhancement," this Court finds that Huston has failed to satisfy the requisite pleading requirements to proceed with his constitutional claims. *Id.*

More importantly, Evanston Hospital, as a private actor, is not a constitutionally cognizable defendant under the Fourteenth Amendment of the United States Constitution. *DeShaney v. Winnebago County Dep't. of Social Svcs.*, 489 U.S. 189, 195–196 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors . . . . [it] was intended to prevent government from abusing its power or employing it as an instrument of

oppression.") (internal quotations omitted); *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) ("[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful.") (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). More specific to this case, the Fourteenth Amendment "do[es] not reach the private conduct of a private owned hospital." *See, e.g., Grubbs v. Western Baptist*, No. 93-6584, 1994 WL 194168, at *1 (6th Cir. 1994). Therefore, Huston's constitutional claim also fails.

### III. Huston's Tort Claims

After dismissing Huston's Title 18 and constitutional claims, the only surviving allegations from Huston's Amended Complaint are for defamation and intentional infliction of emotional distress. As these claim arises under state law, this Court's jurisdiction over them is limited to the circumstances outlined in 28 U.S.C. § 1332, which grants jurisdiction over claims that do not arise under federal law where there is complete diversity of parties and the statutory amount-in-controversy is met, and 28 U.S.C. § 1367, which grants supplemental jurisdiction over pendant state-law claims where jurisdiction is otherwise proper over a related federal claim. In addition, a "district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Huston does not assert diversity jurisdiction under § 1322. Nor does § 1367 permit supplemental jurisdiction over Huston's defamation and intentional infliction of emotional

distress claims because there are no remaining claims over which this Court has original jurisdiction.

## **CONCLUSION AND ORDER**

The Court finds that Huston's Complaint, as alleged, fails as a matter of law. Because Huston was already given an opportunity to amend his original Complaint to comport with the requirements of Federal Rule of Civil Procedure 8, his Amended Complaint is dismissed with prejudice. Huston's Motion to Proceed *In Forma Pauperis* is denied pursuant to 28 U.S.C. § 1915(e)(2)(B).

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 24, 2012